623 F.2d 345
 Lori WILSON, Plaintiff-Appellant,
v.
George FIRESTONE, Secretary of the State of Florida and
Dorothy W. Glisson, Deputy Secretary for
Elections, Director, Division of
Elections of the State of
Florida, Defendants-Appellees.
 No. 80-5487
 
 Summary Calendar.*
 United States Court of Appeals,
Fifth Circuit.
 Unit B.
 July 22, 1980.
 Roberts, Miller, Baggett, LaFace, Richard & Wiser, Barry S. Richard, Tallahassee, Fla., for plaintiff-appellant.
 Richard Hixson, Asst. Atty. Gen., Tallahassee, Fla., for defendants-appellees.
 Appeal from the United States District Court for the Northern District of Florida.
 Before TJOFLAT, VANCE and THOMAS A. CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 Our review of this matter indicates that a trial was held on the merits and judgment rendered following a bench trial, and not following a summary judgment. Appellant does not contend that the case should be reversed because the issues of fact might have been inappropriately disposed of on summary judgment.
 
 
 2
 We affirm the trial court's judgment. There is a logical reason for Florida's requiring fewer signatures on the petition of an independent candidate for President of the United States than for an independent candidate for a statewide office. Plaintiff is not being discriminated against nor denied equal protection by this difference in classification.
 
 
 3
 The Florida statute in question has been approved summarily by the Supreme Court in Beller v. Askew, 403 U.S. 925, 91 S.Ct. 2248, 29 L.Ed.2d 705 (1971). More stringent requirements for access to the ballot have been approved by the Supreme Court in Jenness v. Fortson, 403 U.S. 431, 91 S.Ct. 1970, 29 L.Ed.2d 554 (1971).
 
 
 4
 Illinois State Board of Elections v. Socialist Workers Party, 440 U.S. 173, 99 S.Ct. 983, 59 L.Ed.2d 230 (1979), does not control this case. The opinion in that case illustrates an anomaly that existed. A candidate for a statewide office in Illinois could have access to the ballot by obtaining 25,000 names in Chicago (or anywhere in the state), but could not have access to the ballot in a citywide race in Chicago unless he obtained 35,947 names. The concurring opinion of Mr. Justice Rehnquist points out how the fractured Illinois Election Law resulted in this incongruous result. There is no similarity between the Illinois Election Law, as circumscribed by two appellate court decisions, and the Florida Election Law which has been approved by the Supreme Court.
 
 
 5
 Finding no error, we AFFIRM.
 
 
 
 *
 Fed.R.App.P. 34(a); 5th Cir. R. 18