[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-14250
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 10, 2010
JOHN LEY
ACTING CLERK

D. C. Docket No. 08-01016-CV-F-N

ANDY SHUGART,
JONATHAN GRAY,

Plaintiffs-Appellants,

versus

BETH CHAPMAN,
in her official capacity as
Alabama Secretary of State,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(February 10, 2010)

Before TJOFLAT, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Andy Shugart and Jonathan Gray appeal the district court's dismissal of their challenge to one of Alabama's ballot access restrictions under the First and Fourteenth Amendments of the United States Constitution. Alabama law requires a person seeking to appear on the ballot as an independent or third-party candidate for the U.S. House of Representatives to submit a petition containing the signatures of at least three percent of the qualified electors who voted in the last gubernatorial election for the district in which the person seeks to qualify. See Ala. Code § 17-9-3(a)(3). It is undisputed that 6,155 signatures were required for purposes of the 2008 general election for U.S. House of Representatives District 6. By contrast, Alabama law requires a person seeking to appear on the Alabama ballot as an independent candidate for President of the United States to submit a petition containing the signatures of at least 5,000 qualified Alabama voters. See Ala. Code. § 17-14-31(a). The appellants contend that the three-percent requirement is unconstitutional because of the disparity between the number of signatures needed to access the ballot for the House and the number of signatures needed to access the ballot for President.

Our prior precedent forecloses the appellants' claim. In Swanson v. Worley, 490 F.3d 894 (11th Cir. 2007), we held that Alabama's three-percent signature requirement does not violate the First or Fourteenth Amendments. Id. at 903–05

2

("[W]e conclude that Alabama's signature requirement by itself does not impose a severe burden on plaintiffs' rights but is a reasonable, nondiscriminatory restriction."). In so holding, we specifically addressed, and rejected, the argument made by the appellants in this case:

> In presidential elections, independent candidates need to obtain only 5,000 signatures to appear on the general election ballot in Alabama. See Ala.Code § 17-19-2(a) (2005) (current version at Ala.Code § 17-14-31(a)). Plaintiffs contend that if a less restrictive signature requirement sufficiently satisfies the State's interests in presidential elections, there is no justification for requiring more signatures through the three-percent signature requirement in statewide elections.
> However, presidential elections call for a different balancing of interests than statewide or local races. As the Supreme Court emphasized in Anderson, "the State has a less important interest in regulating Presidential elections than statewide or local elections, because the outcome of the former will be largely determined by voters beyond the State's boundaries." [Anderson v. Celebrezze, 460 U.S. 780, 795, 103 S. Ct. 1564, 1573 (1983)]. Accordingly, we cannot say it is unreasonable for Alabama to apply more demanding regulations on statewide and local races than presidential races.

Id. at 905 n.12.

The Supreme Court's decision in Illinois State Board of Elections v. Socialist Workers Party, 440 U.S. 173, 99 S. Ct. 983 (1973), does not compel a contrary result. In that case the Court struck down an Illinois state law requiring "substantially more" signatures to run as an independent for a Chicago city office than for a statewide office. See id. at 177, 187, 99 S. Ct. at 986, 991. As the

3

district court correctly recognized: "While Illinois State Board addressed the difference between requirements to be on a statewide ballot and those to be on a municipal ballot within that same state, this lawsuit challenges differences between requirements to be in the ballot to stand for election to a U.S. Congressional District and U.S. President." That distinction is critical because Alabama's interests in regulating an office elected entirely by Alabama voters (House District 6) are much greater than its interests in regulating an office elected only in small part by Alabama voters (the U.S. President). See Swanson, 490 F.3d at 905 n.12 (citing Anderson, 460 U.S. at 795, 103 S. Ct. at 1573); see also Wilson v. Firestone, 623 F.2d 345, 346 (5th Cir. 1980) (distinguishing Illinois State Board and rejecting equal protection challenge to a Florida law requiring fewer signatures on the petition of an independent candidate for U.S. President than for an independent candidate for a statewide office).[1]

After carefully reviewing the record and the parties' briefs, we conclude that this case is materially indistinguishable from Swanson and Wilson. Alabama's legislative choice to have a modest requirement for independent Presidential candidates does not defeat its decision to impose a higher requirement on

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

independent candidates for offices elected only by Alabama voters.

**AFFIRMED**.